IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARGARET MAJOR, *et al.*   :

                                :

   v.                       :    Civil Action No. DKC 96-3940
                                    Pertains to Action nos.
                                    DKC 96-3940, 96-3941, 96-3942,
                                    97-37, 97-2888, 97-3219, 98-
                                    789, 98-1270, 98-1271, 98-1690
CSX TRANSPORTATION, INC.,
*et al.*                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case arising from a train collision are motions by (1) certain Plaintiffs for partial summary judgment as to the liability of Defendant CSX Transportation, Inc. ("CSXT"), (2) Defendant National Railroad Passenger Corporation ("Amtrak") for summary judgment in its favor as to all remaining plaintiffs, and (3) Plaintiff Rodney Crawford to strike CSXT's sur-reply to certain Plaintiffs' motion for partial summary judgment. The issues have been briefed and no hearing is deemed necessary. Local Rule 105.6. For reasons that follow, the court will deny Plaintiffs' motion for partial summary judgment as to CSXT's liability for negligence. The court will also deny Amtrak's motion for summary judgment. No determination is necessary on Plaintiffs' motion to strike because the court never accepted the sur-reply for filing and so the issue is moot.



## I. Background

On or about February 16, 1996, Maryland Rail Commuter (MARC) train 286 collided with Amtrak train 29 east of Georgetown Junction, in Silver Spring, Maryland. The MARC train was owned by the Maryland Mass Transit Authority (MTA) and operated by CSXT. Paper no. 39, at 2.

The collision resulted in several deaths and injuries. A significant number of lawsuits were filed and are still pending against CSXT, Amtrak, and Sumitomo Corporation of America (Sumitomo), the company that built the MARC train.[1] These lawsuits were consolidated for discovery and scheduling purposes. Several have settled. One remaining plaintiff ("Plaintiff Major") is the survivor of an operating crew member of the MARC train who also brings claims on behalf of the crew member's estate. Significant issues remain regarding potential contributory negligence on the part of Plaintiff's decedent. Other plaintiffs, including all those bringing the pending motion for partial summary judgment against CSXT, were either passengers on the MARC train or non-operating crew of the Amtrak train.

## II. Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material

---

[1] Other cases have been settled and dismissed and all remaining claims against General Motors were dismissed on September 1, 1999.

fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 128 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her

3

responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex Corp.*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). The analysis in this case involves both an affirmative motion by the party which will have the burden of proof at trial and a defensive motion by a different party.

### III. Analysis

As a preliminary matter, the motion to strike CSXT's sur-reply is moot because the sur-reply in question was never accepted for filing or docketed by the court. It was returned on April 23, 2001 with a note that leave of court would be necessary before it would be received. CSXT never sought such leave.

A. *Plaintiffs' Motion*

Plaintiff passengers and service personnel move for partial summary judgment that CSXT is liable for the accident and so seek to move directly to a trial for damages. As the party that will have the burden of proof at trial, they must show that no material dispute of fact remains by pointing to admissible evidence on each of the elements of their claim. Plaintiffs base their claim that CSXT should be found liable as a matter of law solely on CSXT's answer to Plaintiff Major's Interrogatory no. 14, in which it conceded that its conductors "contributed to the cause of their own deaths by failing to abide by signal indications." Paper no. 182, ex. 1. In its response to Plaintiffs' motion, CSXT admits that the failure of the MARC operating crew to abide by signal indications was a "substantial legal cause of the collision", though it says that there is no material dispute as to that fact alone and that there remain significant disputed facts as to other theories of liability. Paper no. 184, Memorandum at 2. Plaintiff Major also filed an opposition to the motion for partial summary judgment.

Although Plaintiff Major does not have standing to oppose, it should be noted that the determination of other Plaintiffs' motion for partial summary judgment does not affect the validity of Plaintiff Major's claims against CSXT.

All of the moving Plaintiffs assert a claim of negligence against CSXT. The standard for negligence in Maryland has four elements:

> In Maryland, in order to establish a cause of action for negligence, a plaintiff must prove: a duty owed to the plaintiff or to a class of which the plaintiff is a part; a breach of that duty; a causal relationship between the breach and the harm; and damages suffered.

*Walpert, Smulliam & Blumenthal, P.A. v. Katz*, 361 Md. 645, 655, 762 A.2d 582 (2000), citing *Jacques v. First Nat'l Bank*, 307 Md. 527, 531, 515 A.2d 756 (1986). Therefore, in order to prove that CSXT is liable as a matter of law, it is necessary for each Plaintiff to show that there is no material dispute of fact as to all four elements.

Plaintiffs assert that, under the standard for summary judgment, "... this Court must conclude that all allegations against CSX contained in the Complaints as to liability are true, due to the admissions by CSX" in its answer to Plaintiff Major's Interrogatory no. 14. Paper no. 182, Memorandum at 4. In their bare and conclusory brief in support of this motion, Plaintiffs assert CSXT's liability without analyzing the evidence according to the four elements of negligence and do not explain how CSXT's

admission meets their burden of proving liability. In its answers to each of Plaintiffs' complaints, CSXT denied that it had a duty to Plaintiffs, that it breached that duty, and that Plaintiffs' injuries resulted from the collision.[2] Therefore, each of these elements remain in dispute prior to consideration of the evidence proffered by Plaintiffs in support of their motion.

The only "evidence" proffered by Plaintiffs in support of their motion, CSXT's answer to Interrogatory no. 14, then, must meet the burden of proof for all four elements of negligence, if Plaintiffs are entitled to summary judgment. Interrogatory no. 14 asked:

> If the Defendant contends that the Plaintiff [Major], by act or omission caused or contributed to the happening of the subject occurrence, or caused or contributed to his/her injuries, state the facts upon which the Defendant relies, including, but not limited to, how, where, and the manner in which Plaintiff was negligent, and include a description of each act or omission on the part of the Plaintiff.

Paper no. 182, ex. 1.  CSXT's answer to that interrogatory stated:

> See Answer to Interrogatory number 13. Defendant contends that James E. Major, Richard Orr and James Quillen contributed to the cause of their own deaths by failing to abide by signal indications.

*Id.*  CSXT's answer to Interrogatory no. 13, referred to in its

---

[2] CSXT never filed answers to the complaints of Plaintiffs Damian Benitez and Rodney Crawford after its motions to dismiss those complaints were denied.

7

answer to Interrogatory no. 14 (above), stated:

> The Defendants understand that the MARC train was proceeding eastbound on track 2, and the Amtrak train was proceeding westbound on track 2, near the interchange east of Georgetown junction. The MARC train received an "Approach" signal before Kensington Station. The MARC train picked up a passenger at Kensington station and proceeded east on track 2, bringing the train up to a speed of 66 miles per hour. The two trains collided east of Georgetown Junction.

Paper no.182, ex. 1. In its opposition to Plaintiffs' motion, CSXT acknowledges this admission, stating that, "... crew error, specifically the failure of the MARC operating crew to obey signal indications, was a substantial legal cause of the collision between the Amtrak 29 Train and the Marc 286." CSXT argues, however, that its admission amounts only to, "... no dispute of material fact <u>as to this fact alone</u>." Paper no. 184, at 2. CSXT is incorrect that its admission is a mere fact. It is a legal conclusion in the nature of a stipulation excusing the need to produce evidence. *See, e.g., Briggs v. Dalkon Shield Claimants Trust*, 174 F.R.D. 369, 371 (D.Md. 1997). As such, it would satisfy the third element of the test for negligence, causation.

Although CXST's admission satisfies Plaintiff's evidentiary burden of proving that the conduct of CSXT was a cause of the collision, CSXT's admission of causation does not satisfy the standard for negligence on its own. Under Maryland law, "[a]bsent a duty of care, there can be no liability in negligence." *Walpert*,

8

361 Md. at 655, *citing West Va. Central v. Fuller*, 96 Md. 652, 666, 54 A. 669 (1903) ("There can be no negligence where there is no duty that is due; for negligence is the breach of some duty that one person owes to another..."). In their motion, Plaintiffs set forth no evidence demonstrating that CSXT owed them a duty of care or breached that duty, which is in dispute.

Not only must Plaintiffs demonstrate that CSXT breached a duty owed to them, but they must prove that "defendant's breach of duty was more likely than not (i.e. probably) the cause of injury." *Hurley v. United States*, 923 F.2d 1091, 1094 (4th Cir. 1991). Plaintiffs seek to move directly to a trial about the amount of damages by demonstrating that CSXT caused the collision. However, CXST's admission that CXST caused the collision is not evidence either that Plaintiffs suffered injuries, which CSXT disputed in its answer to Plaintiffs' complaints, or that those injuries arose from the breach of some duty owed to them by CSXT. While CXST implicitly recognized injuries to Plaintiff Major arising from the collision in its answer to Interrogatory no. 14 and admitted to them in its answer to Plaintiff Major's complaint, Plaintiffs bringing the motion have provided no evidence of their own injuries arising from the collision. Hence, the fact of injury, not merely the amount of damages, remains in dispute.

Since the only evidence presented by Plaintiffs in making this motion is CSXT's admission, Plaintiffs have not proven that CXST

9

was negligent as a matter of law. Accordingly, the court will deny their motion for partial summary judgment.

B. *Amtrak's Motion*

Amtrak's motion for summary judgment pertains to all plaintiffs, not just the ones seeking partial summary judgment against CSXT, and is asserted by a party that will not have the burden of proof at trial. Amtrak argues "Plaintiffs have produced no evidence that any action or inaction on the part of Amtrak or its employees was a contributing cause of the collision or resulting damages, or that Amtrak was negligent or violated any statutory provision," by pointing to the admission by CXST in the answer to Plaintiff Major's Interrogatory no. 14 that the failure of the operating crew to abide by signal indications was a substantial legal cause of the collision and to findings by the National Transportation Safety Board ("NTSB") after investigation that the MARC crew's failure ultimately caused the collision. Paper no. 183, at 2.

The court cannot consider as evidence the findings of the NTSB, because Amtrak only refers to the findings, but provides no supporting documentation. As to admissions by CSXT that its crew's conduct was a "substantial legal cause of the collision", as shown above, that alone is not sufficient to prove that CSXT was negligent as a matter of law. More importantly, from the standpoint of Amtrak's motion, CSXT's liability does not remove the

possibility of Amtrak's concurrent liability for the collision. Under Maryland law, "... each defendant whose negligent act was a cause of an injury may be liable. This is so even if there was concurring negligence of another defendant." *Commercial Union Insurance Co. v. Bohemia River Assoc., Ltd.*, 855 F.Supp. 802, 806 (D.Md. 1991), *citing Yellow Cab Co. v Bonds*, 245 Md. 86, 90, 225 A.2d 41 (1966). "Where several causes combine to produce injuries, a person is not relived from liability... where his negligence is an efficient cause without which the injury would not have resulted to as great an extent... ." *Armiger v. Baltimore Transit Co.*, 173 Md. 416, 427, 196 A. 111 (1938) (internal quotations omitted). Therefore, even an admission of legal causation by CSXT does not settle the question of whether Amtrak's action was also a cause of the collision.

Plaintiffs, of course, retain the burden of proof on their claims and, thus, the burden on Amtrak of demonstrating that there is no genuine issue of material fact as to causation that would be discharged by pointing out the absence of evidence sufficient to support the non-moving party's claim. *See Celotex*, 477 U.S. at 322. However, Plaintiffs proffer enough evidence to create a material dispute at least as to whether Amtrak is partially liable for the severity and extent of the collision.

The theory of concurrent negligence is demonstrated by the *Yellow Cab* case, involving the failure of an automobile to yield

the right of way resulting in a collision. There, the driver of a cab that was involved in another accident trying to avoid the initial collision was found liable for his own negligent driving. *Yellow Cab*, 245 Md. at 90-91. The court found that: "The negligence of the operator of the intruding automobile did not excuse the cab owner and driver from liability for damages. It was enough that the negligence of the cabdriver, in concurrence with that of the other motorist, proximately caused *or contributed* to the injuries the passenger sustained." *Id*. at 91 (emphasis added); *see also Armiger*, 173 Md. at 427. Therefore, in order to defeat Amtrak's motion, Plaintiffs must demonstrate sufficient evidence that Amtrak's conduct at least contributed to the injuries they sustained.

In response to Amtrak's assertion that Plaintiffs have presented no evidence, Plaintiffs turn to sworn statements before the NTSB of Amtrak Engineer Don Noble, who operated Amtrak 29, and to the deposition testimony of Donald Kramer Scott, Amtrak's General Manager, Operations, Standards and Compliance and System General Road Foreman. Paper no. 189, Memorandum at 1, 5, ex. 2, 3. Noble's statements demonstrate that he took no steps to brake or reduce the speed of the locomotive, but in fact accelerated the train. Paper no. 189, Memorandum at 3, ex. 2. Noble apparently thought that, by speeding up the train, either he could make it to a track cross-over and thereby avoid the collision or he "had a

better chance the harder [he] hit [the MARC train]." *Id.* at 4, ex. 2.

Scott's testimony involved his analysis of Noble's conduct in operating the Amtrak train and supports Plaintiffs' argument that it may have been negligent. Scott was designated by Amtrak as the witness most knowledgeable as to the actions of a locomotive engineer. *Id.* at 5. Scott denied that it was Amtrak's policy or procedure to advise engineers that one of their options under the circumstances faced by Noble was to accelerate. *Id.* at 6, ex. 3. This testimony raises a dispute of fact as to whether Noble acted as a prudent engineer would under the circumstances and could lead a reasonable factfinder to conclude at least that Amtrak contributed to the severity and extent of the accident. Accordingly, the court will deny Amtrak's motion for summary judgment.

    C.  *Plaintiffs' joint and several liability arguments*

The court's denial of summary judgment as to all elements of Plaintiffs' negligence claim against CSXT obviates the need for the court to analyze the arguments of Plaintiffs Rodney Crawford and Damien Benitez that the principles of joint and several liability entitle them to move directly to a trial for damages against CSXT. Paper no. 188, at 2. Outstanding issues remain not only as to the potential concurrent liability of CSXT and Amtrak for negligence, but also as to FELA claims against Amtrak, products liability

claims against Sumitomo Corporation and the possibility of the MARC train crew's contributory and comparative liability for negligence. Unless those plaintiffs seek, and are granted leave to dismiss their claims against other defendants pursuant to Fed. R. Civ. P. 41(b), these issues must be resolved and liability apportioned before deciding the amount of damages.

## IV. Conclusion

The admission by CSXT that the conduct of its agents was a significant legal cause of the collision does not satisfy all of the elements of Plaintiffs' negligence claims as a matter of law and so the court will deny their motion for partial summary judgment. The court will also deny Amtrak's motion for summary judgment because there is still a dispute as to whether Amtrak is concurrently liable at least for the extent and severity of the collision. Plaintiffs' motion to strike CSXT's sur-reply is moot.

_____
DEBORAH K. CHASANOW
United States District Judge

November 6, 2001.