FILED ___ENTERED
___LODGED ___RECEIVED

JAN 9 - 2002

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARGARET MAJOR, et al.** * | Civil No. | DKC-96-3940 |
| | | DKC-98-1271 |
| vs. * | | DKC-98-1270 |
| | | DKC-98-789 |
| **CSX TRANSPORTATION, INC.** * | | DKC-98-1690 ✓ |
| | | DKC-97-2888 |
| * | | DKC-97-1039 |
| | | DKC-96-3942 |
| * | | DKC-96-3941 |
| | | DKC 97-37 |
| * | | DKC 97-3219 |

******

## MEMORANDUM

Presently pending and ready for resolution are motions filed by Defendants CSX Transportation, Inc. (CSXT), National Railroad Passenger Corporation (Amtrak), and Sumitomo Corporation of America (SCOA) for leave to file answers (Papers No. 238 and 247), motions filed by Plaintiffs Crawford and Benitez to strike answers (Papers No. 235 and 248), and a motion by Plaintiff Benitez to withdraw his motion for entry of default (Papers No. 228 and 236). Pursuant to the referral of this case to me for resolution of these motions, the motions for leave to file answers will be granted, the motions to strike answers will be denied, and the motion to withdraw will be granted.

The motions for leave to file answers recite several undisputed facts regarding the history of the cases filed by Plaintiffs Crawford and Benitez. These and several other cases with which they are now consolidated arose out of a single train collision. Prior to answering, Defendants moved to dismiss these cases. Motions to dismiss were denied as to Plaintiff Benitez on March 18, 1998, docketed as Paper No. 30, and erroneously indexed in defense



counsel's file. Motions to dismiss were denied as to Plaintiff Crawford on May 22, 1998, but no docket entry was made. *See* docket entries at 8-9. No counsel was aware that these Defendants had failed to file answers until the omission was noted in Judge Chasanow's Memorandum Opinion of November 6, 2001, which ruled on several pending summary judgment motions. *See* Paper No. 215 at 7 n. 2.

Federal Rule of Civil Procedure 6 (b) (2) provides that, for cause shown and in its discretion, the court upon motion can permit a paper to be filed after the expiration of the prescribed period, where the failure to act timely was the result of excusable neglect. The Rule contemplates consideration of equitable factors such as the length of the delay and its impact on the proceedings, prejudice to the opposing parties, and whether the failure resulted from deliberation or bad faith. *See* Wright, Miller & Kane, *Federal Practice and Procedure* § 1165 at 535-36, and cases cited therein. Here, while the delay is lengthy, it had no impact on the proceedings; indeed, the failure to answer was overlooked by all but the court. In addition, Defendants have shown that the failure was the result of understandable confusion created by the consolidation of a large number of cases and the transfer of these particular cases from another jurisdiction with pending motions, and was not the result of deliberation or bad faith.

Plaintiffs have failed to show that they would suffer any prejudice from the late filing of these answers. They contend that they did not obtain summary judgment as to CSXT's liability because the court believed that CSXT denied certain elements of their cause of action in its answers.[1] In effect, they argue that the court erroneously relied on nonexistent answers in

---

[1] Plaintiffs do not attempt to show prejudice with regard to other defendants.

denying their motions. This argument is difficult to sustain since it was the court that noted that these answers had been not filed. In any event, answers to a complaint are not a basis for denial of summary judgment in general and were not in this case. The court denied summary judgment because Plaintiffs failed to proffer evidence showing each element of liability. Noting that Plaintiffs relied solely on CSXT's admission that its conductors' failure to abide by signal indications was a substantial legal cause of the collision, "without analyzing the evidence according to the four elements of negligence [or explaining] how CSXT's admission meets their burden of proving liability," the court concluded that Plaintiffs had failed to proffer evidence to meet the burden of proof on the four elements of negligence. Paper No. 214 at 6-7. Plaintiffs were denied summary judgment because they failed to proffer sufficient evidence, not because the court relied on nonexistent answers.

In conclusion, the failure to file timely answers had no effect on the litigation, caused Plaintiffs no prejudice, and was the result of excusable neglect. Accordingly, the motions to file answers will be granted. The motions to strike answers were based on the failure to move for leave to file, which has now been cured, and the arguments presented in opposition to the motions for leave to file, which have been rejected. Accordingly, the motions to strike will be denied. Plaintiff Benitez' motion to withdraw his motion for Entry of Default will be granted.

Date: 1/9/02

JILLYN K. SCHULZE
United States Magistrate Judge