```
                                              ____FILED  ____ENTERED
         IN THE UNITED STATES DISTRICT COURT  ____LODGED ____RECEIVED
              FOR THE DISTRICT OF MARYLAND
                                                   JUL 8 2002
HELENE K. PAPPAS                  :
                                                    AT GREENBELT
                                              CLERK U.S. DISTRICT COURT
                                  :               DISTRICT OF MARYLAND
                                              BY                 DEPUTY

     v.                           :  Civil Action No. DKC 96-3941
                                     Pertains only to Action nos.
                                     DKC-98-798 and DKC-98-1690
                                  :

CSX TRANSPORTATION, et al.        :
```

## MEMORANDUM OPINION

Presently pending and ready for resolution is the motion of Plaintiffs Rodney Crawford and Damian Benitez pursuant to Fed. R. Civ. P. 60(b) for reconsideration of the court's November 6, 2001, order denying their motion for partial summary judgment as to the liability of Defendant CSX Transportation, Inc. ("CSXT"). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. Plaintiffs argue that the court erred in ruling that Plaintiffs failed to meet their burden of establishing as a matter of law all the elements of a cause of action for negligence. They contend that partial summary judgment should have been granted because CSXT never placed in dispute those elements of negligence which the court determined that Plaintiffs failed to prove.[1]

---

[1] Plaintiffs also contend that the court erred in applying Maryland law as opposed to District of Columbia law, though they concede that it would make no difference as to the success of their negligence claims. Even were erroneous choice of law to be a ground for reconsideration, the court has previously decided that
(continued...)



Plaintiffs bring this motion under Fed. R. Civ. P. 60(b) which provides that:

> the court may relieve a party... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic of extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) is reserved for special limited circumstances where equity requires reconsideration. *See generally* Wright & Miller, 11 FEDERAL PRACTICE AND PROCEDURE § 2857. A party moving for reconsideration of a summary judgment order "faces a substantial burden." *FDIC v. Heidrick*, 812 F.Supp. 586, 588 (D.Md. 1988), aff'd sub nom. *FDIC v. American Cas. Co. of Reading, Pa., Inc.*, 995 F.2d 471 (4th Cir. 1993). As stated by the Fourth Circuit:

> To bring himself within Rule 60(b), the movant must make a showing of timeliness, a

---

[1](...continued)
Maryland law applies as to the claims of Plaintiff Benitez in its order dated March 29, 1999, and Plaintiff Crawford's claims are factually identical. Therefore, the court correctly applied Maryland law.

> meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979). Once the movant has made such a showing, he must proceed to satisfy one or more of the rule's six grounds for relief from judgment, which include "mistake, inadvertence, surprise, or excusable neglect" under subsection (1), "a prior judgment upon which [the judgment] is based has been reversed or otherwise vacated" under subsection (5), and "any other reason justifying relief from the operation of the judgment" under subsection (6). We have explained, however, that these grounds for relief often overlap, and it is difficult if not inappropriate in many cases to specify or restrict the claim for relief to a particular itemized ground. *Compton v. Alton Steamship Co.*, 608 F.2d at 102. This overlapping and the broad phrasing of the rule free courts to do justice in cases in which the circumstances generally measure up to one or more itemized grounds.

*Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984).

Plaintiffs' motion does not provide the court with any information not before it when deciding the summary judgment motion. Nor do Plaintiffs argue that any of the six grounds enumerated above for granting a Rule 60(b) motion apply to this case. Rather, Plaintiffs merely reargue their negligence claims, asserting that the court misapplied the summary judgment standard and purportedly overlooked the failure of Defendants to place material facts in dispute. Where a motion does not raise new arguments, but merely urges the court to "change its mind," relief

3

is not authorized. *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). Therefore, the court will deny Plaintiffs' motion for reconsideration. A separate order will be entered.

_____
DEBORAH K. CHASANOW
United States District Judge

July _/_, 2002.